**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Phone:        (312) 222-9350
Facsimile:    (312) 527-0484

**JENNER & BLOCK LLP**
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

Attorneys for Defendants
The Kraft Heinz Company and
Kraft Heinz Foods Company (LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY TATUM, on behalf of herself and all others similarly situated,<br><br>                          Plaintiffs,<br><br>      v.<br><br>THE KRAFT HEINZ COMPANY and KRAFT HEINZ FOODS COMPANY (LLC),<br><br>                          Defendants. | Case No. 3:22-cv-7180-TLT<br><br>The Honorable Trina L. Thompson<br><br>**STIPULATION AND [PROPOSED] ORDER TO TRANSFER ACTION TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS** |

WHEREAS:

1. On November 29, 2021, Plaintiff Peggy Tatum and two other plaintiffs filed a putative class action against Defendants The Kraft Heinz Company and Kraft Heinz Foods Company in the U.S. District Court for the Northern District of Illinois, *Boss v. Kraft Heinz Co.*, Case No. 1:21-cv-6360;

2. The *Boss* action challenges the labeling of Kraft Heinz's MiO liquid water enhancers based upon Kraft Heinz's alleged failure to disclose the presence of allegedly artificial malic acid in those products and its use of the phrase "Natural Flavor with Other Natural Flavor" to describe those products;

3. On November 15, 2022, Plaintiff filed this putative class action against Defendants The Kraft Heinz Company and Kraft Heinz Foods Company, in which she alleges that Kraft Heinz fails to disclose the presence of allegedly artificial malic acid in its Crystal Light water enhancer products and mislabels those products using the phrase "Natural Flavor with Other Natural Flavor";

4. 28 U.S.C. § 1404(a) authorizes this Court to "transfer any civil action to . . . any district or division to which all parties have consented";

5. The parties have agreed to transfer this action to the U.S. District Court for the Northern District of Illinois, where all Defendants are co-headquartered and where venue is accordingly proper pursuant to 28 U.S.C. § 1391(b)(1);

6. The parties agree that transfer to the Northern District of Illinois would further the convenience of the parties and witnesses and be in the interest of justice because it would facilitate the consolidation of this action with the *Boss* action, which asserts similar claims premised on the labeling of water enhancer products that allegedly contain artificial malic acid;

NOW, THEREFORE, IT IS STIPULATED AND AGREED, subject to this Court's approval, that this action shall be transferred from the U.S. District Court for the Northern District of California to the U.S. District Court for the Northern District of Illinois.

[signatures on following page . . . ]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: December 20, 2022                      GLANCY PRONGAY & MURRAY LLP[1]

                                              By:    /s/ Marc L. Godino
                                                     Marc L. Godino

                                              Attorneys for Plaintiff Peggy Tatum


DATED: December 20, 2022                      JENNER & BLOCK LLP

                                              By:    /s/ Alexander M. Smith
                                                     Alexander M. Smith

                                              Attorneys for Defendants
                                              The Kraft Heinz Company and
                                              Kraft Heinz Foods Company (LLC)

## ~~[PROPOSED]~~ ORDER

Having considered the parties' stipulation to transfer this action to the U.S. District Court for the Northern District of Illinois, the Court finds, pursuant to 28 U.S.C. § 1404, that: (a) this action could have been brought in the Northern District of Illinois and; (b) transfer of this action would further the interest of justice and would be more convenient for the parties and witnesses. The Court accordingly APPROVES the parties' stipulation and ORDERS the Clerk of the Court to transfer this action to the U.S. District Court for the Northern District of Illinois.

IT IS SO ORDERED:

DATED: January 3, ~~2022~~ 2023   By:    _[signature]_
                                         The Honorable Trina L. Thompson
                                         United States District Judge

---

[1] Pursuant to Civil Local Rule 5-1(h)(3), I, Alexander M. Smith, hereby attest that concurrence in the filing of this document has been obtained from Marc L. Godino, counsel for Plaintiff Peggy Tatum.